JONES, JUDGE:
According to the petition filed herein, this claim in the total amount of $2,060.26 is for gases and cylinders furnished by the claimant, Johnson Welders Supply, Inc., to three separate offices of the respondent, State Road Commission, located at Clarksburg, Weston and Buckhannon; 'but as a practical matter, the only proof of disputed items relates to demurrage charges during the years 1966, 1967 and 1968, which were not paid by the respondent. Practically all of the claimant’s records were destroyed in a fire in January 1968, but the respondent was able to supply certain records pertinent to these transactions, including purchase orders and some invoices. All of the invoices produced carried a statement in the lower left corner, providing for a demurrage charge after thirty (30) days, but in practice, so far as the subject accounts are concerned, de-murrage was charged or not charged according to the agreement with the particular office. The claimant testified that in *97 the latter part of the year 1967, he mailed a letter to all state institutions with which he was dealing, stating that thenceforth, demurrage would be charged on all accounts, his copies of these letters having been destroyed in the fire. While each of the State Road Commission offices involved here had a separate and different agreement with the claimant, representatives from each office denied having received or having any knowledge of such a letter.
So far as the record shows, the original purchase order with the Clarksburg office, dated. January 6, 1966, made no reference to demurrage. However, by purchase order dated January 18, 1966, the original was corrected to provide for demurrage charges after ninety (90) days. It sufficiently appears that all of the Clarksburg office demurrage charges in the amount of $616.68 accrued under this corrected contract and therefore should be allowed. $373.80 of this claim was not contested by the respondent.
The Weston office purchase agreement, dated March 10, 1964, provided for sixty (60) days free cylinder rental, with de-murrage thereafter, and as these charges in the amount of $171.65 appear to be in accord with the terms of the purchase order, this portion of the claim also should be allowed. The respondent admitted owing $6.30 on this account.
The purchase order presented by the Buckhannon office, dated December 31, 1963, makes no reference to free rental or demurrage, and it appears that there was an oral agreement that no demurrage would be charged. The claimant contends that he rescinded the oral agreement by his letter in the latter part of 1967, and the respondent’s agents disclaim knowledge of any such communication. The claimant further contends that custom and usage in the gas cylinder trade entitles him to charge demurrage where the contract is silent in that respect. As in the claims against the Clarksburg and Weston offices, the Court believes that the Buckhannon office purchase order is the best evidence produced as to the true agreement between the parties. There is insufficient proof that this contract was ever amended or rescinded or that custom 'and usage will serve to modify its terms. The claimant not having proved his case by satisfactory evidence, this item of the claim in the 'amount of $1,271.93 is disallowed.
*98 The Court is of opinion that the claimant has substantiated the portions of his claim pertaining to the Clarksburg and Weston offices of respondent in the aggregate amount of $788.33, which in equity and good conscience should be paid, and, accordingly, we award the claimant, Johnson Welders Supply, Inc., the sum of $788.33.